IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

AQUILLA MANS,

    Plaintiff,

vs.                                                       Case No: 1:11-cv-224-MP-GRJ

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, filed a civil rights complaint (Doc. 1) on October 17, 2011, which the Court construed as an appeal of a decision of the Social Security Administration. (Doc. 4.)  Because it appeared from a review of the complaint and attachments that the Appeals Council had not yet reviewed the ALJ's decision, the Court on October 20, 2011 entered an order instructing Plaintiff to file a response before November 10, 2011 advising whether the Appeals Council reviewed the ALJ's decision and to file any evidence that the Appeals Council reviewed the decision or evidence that review of the ALJ's decision was sought by the Appeals Council. (*Id.*) Plaintiff did not respond to the Court's Show cause order..

Rather than dismissing the case for failing to respond to the Court's show cause order the Court provided the Plaintiff with a final opportunity to respond to the Court's order and to demonstrate that review of the ALJ's decision was conducted by the Appeals Council.  Accordingly, on January 4, 2012 the Court entered a second order directing Plaintiff to file with the Court by January 20, 2012 evidence that the Appeals Council reviewed the ALJ's decision. (Doc. 5.)  In response to the Court's second order,

Plaintiff filed: (1) copies of medical records from Shands at the University of Florida relating to medical treatment and testing Plaintiff received in early November 2011 (Doc. 6); and (2) a renewed motion for leave to proceed *in forma pauperis*. (Doc. 7.) Notably, however, Plaintiff failed to file any evidence or even mention whether the Appeals Council had reviewed the ALJ's decision, a failing which requires the Court to dismiss the case for lack of jurisdiction.

The exclusive jurisdictional basis for judicial review of claims arising under the Social Security Act is pursuant to 42 U.S.C. § 405(g). It is well settled that 42 U.S.C. § 405(g) authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The Act does not, however, define "final decision" and instead leaves it the Social Security Administration ("SSA") to give meaning to that term through regulations. The regulations applicable to the SSA provide that, if the Appeals Council grants review of a claim, then the decision that the Appeals Council issues is the Commissioner's final decision. 20 C.F.R. § 404.900(a)(4)-(5).  If the Appeals Council denies the request for review, the ALJ's opinion becomes the final decision.  Regardless of the action taken by the Appeals Council, if a claimant fails to request review from the Appeals Council – or the Appeals Council on its own fails to review the ALJ's decision – there is no final decision and, as a result, there is no right to judicial review.  *Sims v. Apfel*, 530 U.S. 103, 107 (2000).

The Court gave Plaintiff two opportunities–and three months–to provide information to the Court regarding the Court's jurisdiction over this case.  Despite being given more than sufficient time, Plaintiff failed to demonstrate that the ALJ's decision was reviewed by the Appeals Council.  Therefore, because Plaintiff has failed to allege

or submit any evidence demonstrating that the Appeals Council reviewed the ALJ's decision, the Court does not have jurisdiction to review the decision of the ALJ and, accordingly, the Complaint is due to be dismissed for lack of subject matter jurisdiction.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for lack of subject matter jurisdiction and that the Clerk should be directed to enter final judgment accordingly, terminate any pending motions, and close the file.

**IN CHAMBERS** this 24th day of January 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.